**H. B. NARRIED, d/b/a Diamond "T" El Paso Company, Appellant,**

**v.**

**Glenn T. JOHNSON, Appellee.**

**No. 5418.**

Court of Civil Appeals of Texas.

El Paso.

Oct. 5, 1960.

John H. Whitaker, El Paso, for appellant.

Malcom McGregor, El Paso, for appellee.

LANGDON, Chief Justice.

This is a suit for damages for loss of wages and profits brought by appellee, Glenn T. Johnson, against appellant, H. B. Narried, doing business as Diamond "T" El Paso Company, for the breach of an alleged oral contract calling for the delivery by appellant Narried to appellee Johnson of a new Diamond "T" tractor, not later than April 12, 1958. The damages alleged by appellee relate to loss of wages and profits he would have earned had the new tractor been delivered to him on April 12, 1958, as promised, rather than some three months later, on July 16, 1958.

Appellant Narried was the owner and operator of a tractor sales company in El Paso, and was engaged in the business of selling tractors manufactured by the Diamond "T" Motor Car Company of Chicago. Appellee Johnson was the owner of a 1951 model Mack truck, and was engaged in a

one-man trucking business, specializing in long hauls.

On or about March 6, 1958, Narried and Johnson entered into a written contract whereby Johnson agreed to purchase from Narried, and Narried agreed to sell to Johnson, a new Diamond "T" tractor for a total consideration of $27,003.13. As a part of said agreement, Narried was to allow Johnson the sum of $7,403.17 for the 1951 Mack truck, as a "trade-in." The date for the delivery of the new tractor to appellee was subject to certain specified conditions, such as fires, strikes, accidents, war, etc., and other causes beyond the control of seller.

Appellee alleged that he was under no duty to deliver the trade-in Mack truck to appellant until the new Diamond "T" tractor had been delivered to him, but that on or about April 9, 1958, at the special instance and request of appellant (made by appellant's agent, Tex West), appellee Johnson gave title and possession of his Mack truck to appellant in consideration of appellant's (unconditional) promise to deliver the new Diamond "T" tractor to him on or before April 12, 1958.

Judgment in favor of appellee for $1,350 was entered on the jury verdict, from which judgment and order overruling appellant's motion for new trial this appeal was taken.

This case was submitted to the jury on seven special issues, all of which were answered in favor of appellee. The jury found that Tex West was the agent of appellant Narried; that appellant represented to appellee Johnson, on April 9, 1958, that the new Diamond "T" tractor would be delivered to him the following week; that appellee believed such representation and relied thereon; that except for such representation appellee would not have surrendered possession of the 1951 Mack truck; that appellee was purchasing the new Diamond "T" tractor for the purpose of leasing same to Empacadora de Chihuahua; that appellee suffered a loss of profits and wages (profits being defined by the court as "net profits"), which the court said was the difference between the amount of money, if any, appellee would have reasonably made over and above the expense of operating the Diamond "T" truck. Damages were found in the sum of $1,350.00.

Appellant's appeal is predicated upon five points of error.

By Point 1, appellant contends that there is no evidence to support the jury finding of damages under Special Issue No. 7; that such finding is contrary to the evidence, and that the trial court erred in entering judgment based on such jury verdict. It is appellant's contention that the only damage appellee is entitled to recover are only such damages, if any, as appellee may show that he suffered as a result of the loss of the use of the 1951 Mack truck. We overrule this contention.

Considering the evidence in the light most favorable to verdict, it reflects that on April 9th, Tex West, acting as agent for the appellant, offered to guarantee delivery of the new Diamond "T" tractor for the week of April 12th, if appellee would give, immediately, delivery of the 1951 Mack truck. It appears that appellant had a buyer for the Mack truck, and appellee, relying on the offer, and in consideration therefor, gave appellant immediate possession of the truck. although to do so was a financial sacrifice on the part of appellee, because it meant that he would have to turn down a job calling for the hauling of a load of chickens to California.

The damages found by the jury were not based on what appellee lost in wages and profits due to the surrender of the Mack truck, but are based on the actual damages suffered by him due to appellant's failure to deliver the new Diamond "T" tractor on April 12, 1958, as called for by the oral agreement.

■ We think the evidence is more than ample to support the jury verdict of damages in the sum of $1,350. The appellant

knew, at the time, that appellee was purchasing the new tractor for the purpose of hauling beef for Empacadora de Chihuahua under a lease agreement. The lease agreement provided for a fifteen-cent per mile truck rental, five-cent per mile wages, $6 per day subsistence, and 10,000 miles per month guarantee. The evidence reflects that appellee would have earned, after expenses of operating the new truck, from $1,500 to $1,800 per month. The evidence also reflects that the new tractor was not delivered to appellee until July 16, 1958, a period of at least three months after the date on which delivery had been promised.

The law in Texas is well settled that, where the buyer of productive machinery is prevented or incapacitated from doing business for a considerable period of time by reason of the seller's failure to make delivery within the time agreed upon, he can recover any lost profits that were within the contemplation of the parties and which can be established with requisite certainty.

Appellant's Point No. 1 is accordingly overruled.

The remaining points urged by appellant are Points Nos. 2 to 5, inclusive, by which complaint is made of the trial court's failure and refusal to submit each of the four special issues requested by appellant.

In the trial court, appellant assigned seven grounds as the basis for his motion for new trial, but failed to assign as error in such motion the refusal of the trial court to submit his specially requested special issues. It is well established that points not raised in the trial court in motion for new trial are not before the reviewing court on appeal. Further, having examined appellant's requested special issues, we are of the opinion that such issues, as framed, failed to measure up to the standards imposed by Rule 279, Texas Rules of Civil Procedure, which requires that such requested special issues must be in substantially correct wording, and must be supported by affirmative pleadings and evidence. The controlling issues having been fairly submitted by the trial court, no error is presented by the trial court's refusal to submit other issues. Appellant's Points 2, 3, 4 and 5 are accordingly overruled.

Finding no reversible error, the judgment of the trial court is affirmed.